RECEIVED AND FILED
2010 JUL -6 AM 9: 24
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CIB MARINE CAPITAL, LLC

    Plaintiff,

            v.

MARIO GUZMAN, JORGE L. RODRIGUEZ
and LUIS G. BENABE,

    Defendants.

CIVIL NO. 09-1726(PG)

Exequatur

## OPINION AND ORDER

Plaintiff, CIB Marine Capital, LLC ("CIBMC"), brings the present diversity action to enforce a monetary judgment entered by a Florida state court against Defendants, Mario Guzmán ("Guzmán"), Jorge L. Rodríguez ("Rodríguez") and Luis G. Benabe ("Benabe"). Guzmán and Rodríguez have failed to appear in the present action and default was entered as to these Co-defendants (Docket Nos. 14 and 16). CIBMC now moves for judgment by default against Guzmán and Rodríguez (Docket No. 19). For the reasons set forth below, the Court **GRANTS** Plaintiff's request.

### I. BACKGROUND

The record shows that on May 20, 2009, the Circuit Court of the Eleventh Circuit on and for Miami-Dade County, Florida ("Florida Court") entered a final judgment in favor of CIBMC and against the Defendants in this case ("Florida Judgment").[1]

---

[1] Case No. 08-32654 CA 21.

Plaintiff is a limited liability corporation, organized under the laws of the State of Winsconsin, with offices in Boca Raton, Florida. Co-Defendants Guzmán and Benabe are citizens and residents of Puerto Rico. The Florida Judgment was entered against the Defendants, jointly and severally, for the sum of $271,372.67, plus accrued interest of $9,808.25, late charges of $1,543.35, attorney's fees of $8,227.50 and court costs of $1,379.78, for a total of $292,331.55, which bears interest at the legal rate of eight percent (8%) per year.

On July 29, 2009, CIBMC filed a Complaint in this Court against Defendants to enforce the Florida Judgment under 28 U.S.C. § 1738 and Rule 69 (a) of the Federal Rules of Civil Procedure. In its Complaint, Plaintiff states that the Florida Judgment was issued by a court with jurisdiction over the Defendants and the subject matter, that all due process guarantees were afforded and that the judgment was not obtained by fraud (Docket No. 1 at ¶¶ 15, 18-19).

Guzmán and Rodríguez were served with process (Docket Nos. 5 and 9) but failed to appear in this case. The Clerk of the Court has entered defaults as to Guzmán and Rodríguez (Docket Nos. 14 and 18) and CIBMC now seeks a default judgment from the Court as to these Co-defendants (Docket No. 19).

## II. DISCUSSION

Congress has mandated that federal courts grant full faith and credit to the judgments of all states, territories

and possessions of the United States, including Puerto Rico. 28 U.S.C. § 1748. The method by which a judgment of another state is recognized and enforced, is determined by the local law of the enforcing state. See Baker v. General Motors, 522 U.S. 222, 235, 118 S. Ct. 657, 139 L.Ed. 2d 580 (1998) ("Full faith and credit, however, does not mean that States must adopt the practices of other States regarding the time, manner and mechanisms for enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of forum law."). See also RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 99 (1971) ("The local law of the forum determines the methods by which a judgment of another state is enforced."). Similarly, Rule 69(a), states that a federal court must execute a money judgment in accordance with the procedure of the state in which the court sits. Fed. R. Civ. P. 69(a).

Foreign or state court judgments do not automatically operate in Puerto Rico. In order to be recognized and enforced, exequatur proceedings are necessary. Ex parte Márquez Estrella, 128 D.P.R. 243, 255, 1991 P.R.-Eng. 735,403 (1991). The purpose of these proceedings is to guarantee due process to the affected parties by the foreign judgment and grant them a reasonable opportunity to be heard and raise defenses. Id. Absent legislation on the matter, the Puerto Rico Supreme Court has summarized as follows the standards of private international law that will govern the recognition and

enforcement of a foreign judgment in Puerto Rico: (1) That the foreign judgment has been issued by a court with jurisdiction over the person and the subject matter; (2) that the judgment has been rendered by a competent court; (3) that the court that issued the judgment observed due process of law; (4) that the legal system in which the judgment is rendered is known for its impartiality and absence of prejudice against foreigners; and (5) that the foreign judgment is not contrary to the public policy order of the petitioned forum or local court, that is not repugnant to the basic principles of justice, and has not been obtained by fraud.  Ex parte Marquez, 128 D.P.R. at 250, citing Efectos Litográficos v. Nat'l Paper & Type Co., 112 D.P.R. 389, 12 P.R. Offic. Trans. 468 (1982).  See also Avilés v. P.R. Tel. Co., 2009 TSPR 163.

The exequatur proceedings apply to any judgment that was not entered by a Puerto Rico court.  However, in the case of judgments rendered by states of the United States, the exequatur proceeding is relatively simpler.  Because Puerto Rico courts have to give full faith and credit to state judgments, only the following standards apply:  (1) That the judgment has been issued by a state court with jurisdiction over the person and the subject matter; (2) that the state court that issued the judgment observed due process of law; and (3) that the judgment has not been obtained by fraud. Avilés, 2009 TSPR 163.

In the instant case, Co-defendants Guzmán and Rodríguez have failed to appear despite the fact that they were properly served with process. The default entered against Guzmán and Rodríguez has legal repercussions. "The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Santiago v. Hosp. Cayetano Coll y Toste, 260 F. Supp. 2d 373, 378 (D.P.R. 2003) (citing Metropolitan Life Ins. Co. v. Colon Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R. 2002)), (citing Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)) ("[a] party who defaults is taken to have conceded the truth of the factual allegations of the complaint"); Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1992) ("an entry of a default against a defendant establishes the defendant's liability"); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its claims must be considered established as a matter of law.")

Based on Plaintiff's factual allegations and the applicable law, this Court finds that the Florida Judgment meets the test for exequatur proceedings in Puerto Rico.

### III. CONCLUSION

Because entry of default judgment appears proper, this Court will enter default judgment in Plaintiff's favor against

Co-defendants Guzmán and Rodríguez. The Plaintiff may request from the Clerk of the Court the issuance of a writ of execution of judgment, based on the final Florida Judgment against Co-defendants Guzmán and Rodríguez.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 1st 2010.

                                             _____
                                                     JUAN M. PEREZ-GIMENEZ
                                                      U.S. DISTRICT JUDGE